FELIPE HERNÁNDEZ ORTIZ, Appellant, *v.* REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1197. Submitted December 9, 1946.—Decided January 28, 1947.

*Luis Vizcarrondo* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On October 4, 1928, the Marshal of the District Court of San Juan, at a public sale held within a mortgage foreclosure proceeding, awarded a property in partial payment of a debt claimed by the foreclosing creditor Felipe Hernández Ortiz. Eighteen years later, Mr. Hernández petitioned the Registrar of Property of Bayamón to record said property in his name, and accompanied his petition with certified copies of

the proceedings held in the court in connection with the fore-closure suit. The registrar refused the record sought by virtue of the following note:

"Record of the preceding document is hereby denied as to the property of five acres (*cuerdas*), whose record is the only one sought, on the following grounds:

"1—Because in order to record the adjudication of a property. purchased at a public sale by virtue of a mortgage foreclosure pro-ceeding a public deed is required pursuant to the provisions of Section 5 of the Act of March 9, 1905, page 136.

"2—Because the mortgage credit foreclosed amounted to $446.70 and, according to the first entry of this property, which entry in-cludes a sale and the mortgage subject to foreclosure, this property is part of another recorded in the books of Río Piedras which is en-cumbered by prior mortgage credits, which fact is admitted in the edicts of the public sale, and was awarded to the foreclosing creditor who was at the same time a subsequent creditor, for only $250.00 to the prejudice of prior creditors and in violation of the provisions of the third paragraph of Section 128 of the Mortgage Law.

"3—Because, although according to the third entry of this prop-erty made on February 15, 1929, the credit of $446.70 which gave rise to the adjudication of the property in favor of Felipe Hernán-dez Ortiz had been assigned by the latter to Ramón Luis Soldevila since July 14, 1928, by virtue of deed No. 14 executed before Notary Rafael Muñoz Santaella, and although Section 152 of the Mortgage Law provides that the assignee shall be subrogated to all the rights of the assignor, the latter attended the public sale and had the prop-erty awarded in his favor.

"A cautionary notice of 120 days is hereby entered in favor of Mr. Felipe Hernández Ortiz, at folio 87, back, of volume 7 of Guay-nabo, property No. 292, entry letter 'C', Bayamón, September 12, 1946."

Appellant maintains that according to the first paragraph of § 3 of the Mortgage Law,[1] complemented by paragraph

---

[1] Section 3 of the Mortgage Law reads thus:

"In order to permit of the record of the instruments mentioned in the foregoing article, they must be embodied in a public instrument, final judgment, or authentic document, issued by a judicial authority, or by the Government or its agents, in the form prescribed in the regulations.

one of Article 51 of the Regulations,[2] the certificate of the sale issued by the marshal in the foreclosure proceeding is an authentic document issued under judicial authority, and that it is not an indispensable requirement that this officer should execute a public deed in order to record the property.

The registrar contends that pursuant to § 5 of the Act "To amend sections 94, 152, 234, 295 and 302 of the Code of Civil Procedure and to repeal sections 259 to 266, and all other sections of said code insofar as they relate to the redemption of property and for other purposes," approved March 9, 1905, it was the duty of the Marshal to execute a prove that the property is recordable, we believe that the registrar is correct.

Notwithstanding the painstaking efforts of appellant to prove that the property is recordable, we believe that the registrar is correct.

Section 5 of the Act of March 9, 1905 (Code of Civil Procedure, page 121), provides as follows:

"When immovable property is sold by the marshal, or other duly authorized officer, at public sale, under an execution or order of sale, issued by a court, it shall be the duty of such marshall or other officer, to execute to the purchaser at such sale, a good and sufficient deed for such property, and the costs of making such deed shall be paid by such purchaser."

■■ In *Estate of Chavier* v. *The Municipality of Adjuntas,* 13 P.R.R. 331, wherein it was alleged that the deed of award presented as evidence was void because the judicial sale to which it referred appeared to have been made on September 28, 1904, by the Judge of the District Court of Ponce, without having the legal or consensual representation of the vendor, for the reason that on said date the present

---

[2] The first paragraph of Art. 51 of the Regulations provides:

"Authentic documents for the purposes of the law shall be considered those which serving as title deeds for the ownership or property right, may be issued by the Government or by an authority or official of competent jurisdiction to issue the same, and which constitute prima facie evidence."

Code of Civil Procedure and the Act creating the office of district marshal and defining its duties, approved March 1, 1904, were already in force, after citing § 5 of the Act of March 9, 1905, *supra,* it was held that the latter Act was not in force at the time the deed of sale was executed and therefore was not applicable. Nevertheless, it was also held that:

"The Act of March 9, 1905, to amend sections 94, 152, 234, 295 and 302 of the Code of Civil Procedure, and to repeal sections 259 to 266, and all other sections of said Code in so far as they relate to the redemption of property, and for other purposes, is that which provides in its fifth section that when immovable property is sold by the marshal, or other duly authorized officer, at public sale, under an execution or order of sale issued by a court, it shall be the duty of such marshall, or other officer, to execute to the purchaser at such sale a good and sufficient deed for such property, and the costs of making such deed shall be paid by such purchaser; but said Act of March 9, 1905, was not in force on the date the deed of award in question was executed, and therefore it could not be applicable. Nor could section 259 of the Code of Civil Procedure be applied, for the reason that the sale not having been made by the marshal he could not issue the certificate of sale referred to in said section.

"Furthermore, in accordance with the civil procedure in force the powers of the marshal are derived from the writ of execution issued by the court. In compliance with this writ the marshal sells the property, awards it to the highest bidder, *and executes to him the proper title;* but if there is no writ of execution, as was the case in the summary proceedings which terminated with the deed of award in question, the marshal lacked the power to execute such deed, and it devolved exclusively upon the District Court of Ponce to execute it by operation of law on behalf of the execution debtors." (Italics ours.)

Section 259 of the Code of Civil Procedure before being repealed by the Act of 1905 provided that when real property is sold by virtue of a writ of execution "the officer (marshal) must give to the purchaser a certificate of sale." Upon repealing this Section and approving § 5 of the Act of 1905, it was expressly provided that it *shall be the duty*

of the marshal in those cases to execute to the purchaser a good and sufficient deed for such property. Heretofore this has been the practice and it has been by virtue of the deed executed by the marshal that the purchaser has recorded his title in the corresponding registry of property.

Appellant argues that the Act of 1905 cannot have the effect of amending the Mortgage Law and its Regulations and that pursuant to § 3 of said Act and Article 51 of the Regulations, *supra,* the property was recordable by virtue of the certificate of the public sale issued by the marshal. Appellant is wrong. Section 5 of the Act of 1905, *supra,* is not amendatory of the Mortgage Law or its Regulations but it merely eliminated the power which the marshal previously had to issue the certificate of judicial sale, and it imposed the duty on him to execute a public deed to the purchaser.

■ The registrar, therefore, did not err in the first ground set forth in his decision, nor did he err in the second and third grounds, inasmuch as if from the third entry of the property made in the registry it appears that appellant, the foreclosing creditor, had assigned to a third person his credits three months prior to the public sale, the assignee was subrogated to all the rights of the assignor pursuant to § 152 of the Mortgage Law, and appellant had no right to foreclose the credit which he had assigned.

■ Likewise if from the record of the property it appeared that it was encumbered by a prior mortgage of $800 principal plus interest at 1 per cent monthly and $100 for costs which was being foreclosed, which fact also appeared from the publications, the marshal should have declared the sale void for the $250 offered, which amount did not cover the former credit, all this pursuant to § 128 of the Mortgage Law which provides that "If the estate be sold on the petition of a second or subsequent mortgage creditor or of ordinary creditors, the sale shall be declared void if an offer

shall not be made of an amount sufficient to pay all prior. recorded credits, as well as the unpaid interest thereon appearing in the register. . . ."

The note of the registrar is affirmed.